**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**HAWAN TAKIIS CAMPBELL,**

                **Plaintiff,**

      **v.**                                            **CASE NO. 10-3176-SAC**

**BRANDON NICHOLS, et al.,**

                **Defendants.**

**O R D E R**

This matter comes before the court on a pleading titled as a civil rights complaint filed pursuant to 28 U.S.C. § 1331, which the court liberally construes as a *Bivens*[1] action. Plaintiff, a prisoner confined in the United States Disciplinary Barracks (USDB) in Fort Leavenworth, Kansas, proceeds pro se, and has paid the district court filing fee.

To establish a *Bivens* cause of action, a party must have some evidence to support finding that federal agent acting under color of such authority violated some cognizable constitutional right of plaintiff. See *Seigert v. Gilley*, 500 U.S. 226 (1991)(to support *Bivens* claim, alleged conduct must rise to level of constitutional violation). In this action, plaintiff states he was found guilty in a prison disciplinary action of possessing prohibited property based on contraband seized from his cell, but claims he was never given a receipt for the seized property prior to or during the disciplinary

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

proceeding.[2] Plaintiff names four USDB staff members as defendants, and claims they denied him due process in the disciplinary action. He seeks compensatory and punitive damages for this alleged violation of his constitutional right to due process.

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). This screening provision applies to plaintiff even though plaintiff submitted full payment of the district court filing fee and did not seek leave to proceed in forma pauperis. See *Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir. 2000)(§ 1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee). Federal courts also have a duty to determine their own jurisdiction. See *Tuck v. United Services Automobile Association*, 859 F.2d 842, 844 (10th Cir.1988). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).

Having reviewed plaintiff's allegations, the court finds the complaint is subject to being dismissed for lack of subject matter jurisdiction because plaintiff's claims for damages are clearly

---

[2] Plaintiff acknowledges he eventually obtained a receipt for the seized property. There is nothing to indicate the seized contraband was ever returned, or that plaintiff ever contested the seizure itself of this property.

barred by the *Feres* doctrine.

In *Feres v. United States*, 340 U.S. 135, 146 (1950), the Supreme Court held that military service members cannot maintain a lawsuit for damages "where the injuries arise out of or are in the course of activity incident to service." *Id*. at 146 (barring claims against the government under the Federal Tort Claims Act). The *Feres* doctrine applies to claims for damages under *Bivens* for constitutional torts. See *Chappell v. Wallace*, 462 U.S. 296, 298-305 (1983)(extending *Feres* to *Bivens* claims against superior officers); *United States v. Stanley*, 483 U.S. 669, 683-84 (1987)(extending *Feres* to *Bivens* claims against non-superior officers); *Tootle v. USDB Commandant*, 390 F.3d 1280, 1281 (10th Cir.2004)(same). It also applies to claims for damages brought by service-members sentenced by court-martial. See *Walden v. Bartlett*, 840 F.2d 771, 774 (10th Cir. 1988)("The Supreme Court has rejected the argument that service members sentenced by court-martial cease to be soldiers and are no longer subject to military law.")(*citing Kahn v. Anderson*, 255 U.S. 1, 41 (1920)).

Accordingly, plaintiff is directed to show cause why the complaint should not be summarily dismissed because the court lacks subject matter jurisdiction to consider plaintiff's *Bivens* claim for damages.[3] The failure to file a timely response may result in the

---

[3]Plaintiff's motion for appointment of counsel is denied. Plaintiff has no right to the assistance of counsel in this civil action. *Durre v. Dempsey*, 869 F.2d 543, 647 (10th Cir. 1989). Having reviewed petitioner's claims, his ability to present said claims, and the complexity of the legal issues involved, the court finds the appointment of counsel in this matter is not warranted. See *Long v. Shillinger*, 927 F.2d 525, 526-27 (10th Cir. 1991)(factors to be considered in deciding motion for appointment of counsel).

3

complaint being dismissed for the reason stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 2) is denied.

**IT IS SO ORDERED.**

DATED:  This 10th day of November 2010 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge