IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**HAWAN TAKIIS CAMPBELL,**

               **Plaintiff,**

    v.                                         CASE NO. 10-3176-SAC

**BRANDON NICHOLS, et al.,**

               **Defendants.**

**O R D E R**

Plaintiff, a prisoner confined in the United States Disciplinary Barracks (USDB) in Fort Leavenworth, Kansas, proceeds pro se on a complaint seeking damages under *Bivens*[1] from four USDB defendants for their alleged denial of plaintiff's right to due process in a prison disciplinary proceeding.

The court reviewed the complaint, 28 U.S.C. § 1915A(a) and (b), and directed plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction pursuant to the *Feres* doctrine. See *Feres v. United States*, 340 U.S. 135, 146 (1950)(holding the federal government cannot be liable under the Federal Tort Claims Act "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service"). See also *Chappell v. Wallace*, 462 U.S. 296, 305 (1983)(extending *Feres* exception to *Bivens* claims); *United States v. Stanley*, 483 U.S. 669, 683-84 (1987)(same).

In response plaintiff argues the *Feres* doctrine does not apply because defendants' actions were not incident to his military

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

service where plaintiff had been discharged from the service years earlier. This argument is clearly contrary to settled case law in this Circuit.

In determining whether a claim for damages for constitutional violations connected to military service is barred by the *Feres* doctrine, the relevant question to be answered is whether the alleged injuries arose incident to service. *Tootle v. USDB Commandant*, 390 F.3d 1280, 1281 (10th Cir.2004). "The Supreme Court has rejected the argument that service members sentenced by court-martial cease to be soldiers and are no longer subject to military law." *Walden v. Bartlett*, 840 F.2d 771, 774 (10th Cir. 1988)(*citing Kahn v. Anderson*, 255 U.S. 1, 41 (1920)). Even where a USDB prisoner had been discharged from the military, the *Feres* doctrine bars claims for damages for alleged violations of constitutional rights "because the alleged injuries, incurred while serving a military-imposed sentence under military supervision in a military prison, nonetheless 'stemmed from his military relationship such that it is incident to his military service.'" *Tootle*, 390 F.3d at 1281-82 (quoting *Ricks v. Nickels*, 295 F.3d 1124, 1132 (10th Cir.2002)).

Accordingly, the court continues to find plaintiff's claim for damages is barred by the *Feres* doctrine.

IT IS THEREFORE ORDERED that the complaint is dismissed.

**IT IS SO ORDERED.**

DATED: This 8th day of December 2010 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

2